IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MONTAE BLANCHARD                                                         PETITIONER

v.                                                                    No. 1:13CV34-MPM-DAS

RON KING, ET AL.                                                       RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Montae Blanchard for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Blanchard has responded, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Montae Blanchard is in the custody of the Mississippi Department of Corrections and housed at the South Mississippi Correction Institution in Leakesville, Mississippi. Blanchard was convicted of armed robbery in the Circuit Court of Monroe County, Mississippi. On February 19, 2010, Blanchard was sentenced to serve a term of fifty years in the custody of the Mississippi Department of Corrections. On March 10, 2011, the Mississippi Supreme Court affirmed Blanchard's conviction and sentence. *Blanchard v. State*, 55 So. 3d 1074 (Miss. 2011) (Cause No. 2010-KA-00312-SCT). Blanchard did not file a petition for writ of *certiorari* in the United States Supreme Court challenging the state court decision affirming his direct appeal. Blanchard does not allege that he has filed any state motions for post-conviction relief, and Mississippi Supreme Court records do not reflect that has.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Blanchard's conviction became final on June 8, 2011, 90 days after the Mississippi Supreme Court's March 10, 2011, affirmed his conviction. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. § 2101; *Bell v. Maryland*, 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of *certiorari* to Supreme Court must be considered in calculating date on which judgment becomes final). As such, the deadline for Blanchard to seek federal *habeas corpus* relief became June 8, 2012, one year after the conviction became final. Blanchard did not file any state motions for post-

conviction collateral relief; as such, he cannot benefit from the statutory tolling provision of 28 U.S.C. § 2244(d)(2). *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Under the "mailbox rule," a federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Blanchard's federal petition was filed sometime between the date it was signed on n January 8, 2013, and the date it was received and stamped as "filed" in the district court on January 24, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 214 days after the June 8, 2012, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 28th day of May, 2014.

/s/ Michael P. Mills
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI